IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAIRDIN ALNOUBANI,

                                              ORDER

                Plaintiff,

                                           3:07-cv-00662-jcs

     v.

FEDERAL BUREAU OF PRISONS,

                Defendant.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Kairdin Alnoubani, a federal prisoner, brings this civil action pursuant to 28 U.S.C. § 1331. The focus of plaintiff's complaint is 18 U.S.C. § 3621(e)(2)(B), which gives defendant Federal Bureau of Prisons discretion to reduce a prisoner's sentence by as much as one year if the prisoner completes a residential drug abuse treatment program. Plaintiff alleges that he has been admitted into that program but defendant has declared him to be ineligible for the sentence reduction. Plaintiff asks the court "to enter a judgment declaring that [he] is eligible for early release pursuant to 18 U.S.C. § 3621."

---

[1] Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one.

1

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and dismiss any portion of it that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. I conclude that plaintiff is seeking review under the Administrative Procedures Act, but that he has not shown his claim is ripe for review.

Because plaintiff is not seeking an order directing his early release but only wants to be considered *eligible* for early release, he has correctly styled this lawsuit as a civil action instead of a petition for a writ of habeas corpus. Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004). However, it is not clear what plaintiff believes his cause of action to be. He identifies § 1331 as the only basis for jurisdiction.

Plaintiff includes one allegation that defendant "violated his right to equal protection of the laws" because it "has granted early release to other prisoners whose convictions and backgrounds are substantially similar to the plaintiff's." From this allegation, it appears that plaintiff may have intended to bring a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that defendant has violated his constitutional rights. But he could not proceed with such a claim because a federal agency such as defendant may not be sued under Bivens for constitutional violations. FDIC v. Meyer, 510 U.S. 471, 486 (1994).

2

Agencies *can* be sued under the Administrative Procedures Act for violating the Constitution. Under 5 U.S.C. § 706(2)(B), district courts have authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "contrary to constitutional right, power, privilege, or immunity." Although plaintiff does not identify the Administrative Procedures Act in his complaint, the best reading of his complaint suggests that he is invoking that statute. He includes other allegations that defendant's "interpretation and application of § 3621(e)(2)(B)" is "unlawful" and its decision was "contrary to law," an "abuse of discretion" and "arbitrary and capricious." This language closely follows § 706(2)(A), which allows a district court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Finally, plaintiff seeks declaratory relief only, which is consistent with the limitations of the APA. 5 U.S.C. § 702.

Although the APA provides jurisdiction for plaintiff's claim, that statute applies to "final agency action" only. 5 U.S.C. § 704. Agency action is not "final" for purposes of § 704 unless "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." Darby v. Cisneros, 509 U.S. 137, 146 (1993). In this case, plaintiff has an available administrative remedy under 28 C.F.R. §§ 542.10-19, which "allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The process includes three steps, beginning with a

3

grievance filed with the warden, followed by appeals to the regional director and then to general counsel if the prisoner is dissatisfied with any of the earlier decisions. 28 C.F.R. § 542.15(a).

Until plaintiff receives a decision from general counsel denying his claim, there has been no "final agency action" under § 704 and plaintiff has no cause of action under the APA. 28 C.F.R. § 543.32; see also Hartman v. Holder, 2005 WL 2002455, *7 (E.D.N.Y. 2005). Because plaintiff did not attach general counsel's decision to his complaint or otherwise allege that he is seeking review of final agency action, I cannot yet consider the merits of his claim.

ORDER

IT IS ORDERED that plaintiff Kairdin Alnoubani may have until February 21, 2008, to submit proof of final agency action under 5 U.S.C. § 704. If plaintiff does not respond by February 21, I will dismiss the case for plaintiff's failure to show that his claim is ripe for

4

review under the Administrative Procedures Act.

Entered this 5th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge