IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAIRDIN ALNOUBANI,

                                           ORDER

                Plaintiff,

                                    07-cv-662-jcs

     v.

FEDERAL BUREAU OF PRISONS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Kairdin Alnoubani is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin.  He brings this case under the Administrative Procedures Act, contending that defendant Federal Bureau of Prisoners is violating the equal protection clause by refusing to give him a sentence reduction when it "has granted early release to other prisoners whose convictions and backgrounds are substantially similar to the plaintiff's."  The relevant statute is 18 U.S.C. § 3621(e)(2)(B), which gives defendant the authority to reduce a prisoner's sentence by up to one year if a prisoner convicted of a nonviolent offense completes a residential drug abuse treatment program.

Plaintiff has paid the filing fee in full and has complied with the court's order dated February 6, 2008,  asking plaintiff to show that he is challenging "final agency action," 5

U.S.C. § 704, by sending his administrative exhaustion materials to the court. <u>Darby v.</u> <u>Cisneros</u>, 509 U.S. 137, 146 (1993) (agency action not "final" for purposes of § 704 unless "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule"). By obtaining a decision from the administrator of national inmate appeals, plaintiff has satisfied the requirement of § 704.

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and dismiss any portion of it that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. I conclude that this case must be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

The administrative exhaustion materials submitted by plaintiff show that defendant denied plaintiff a reduction in accordance with Program Statement 5331.01, which renders ineligible for early release any prisoner who has a prior conviction for aggravated assault. Plaintiff concedes that he has such a conviction, but he says that it is more than 20 years old.

Section 3621(e) itself does not necessarily require the categorical exclusion imposed by defendant; the statute allows early release for "a prisoner convicted of a nonviolent offense," which could be interpreted to mean that the prisoner may receive a sentence reduction so long as his *current* offense did not involve violence. 18 U.S.C. § 3621(e)(2)(B).

2

But the Supreme Court held in Lopez v. Davis, 531 U.S. 230 (2001), that defendant has considerable discretion in deciding which prisoners should receive early release.  The statute says that the bureau "may" grant a sentence reduction to those who complete a drug treatment program; it does not require early release under any circumstance.  Thus, any categorical exclusion is permissible under § 3621(e) so long as it is "reasonable in light of the legislature's revealed design." Id. at 242 (internal citations and quotations omitted).  See also Bischoff v. Genesis House, 2006 U.S. Dist. LEXIS 37595, 7-8 (D. Mich. 2006) (concluding that 5331.01 was valid exercise of discretion under § 3621); McBride v. LaManna, 2006 U.S. Dist. LEXIS 10199 (D.S.C. 2006) (same).

Plaintiff does not challenge the validity of Program Statement 5331.01; he alleges only that defendant "has granted early release to other prisoners whose convictions and backgrounds are substantially similar to the plaintiff's."  But the equal protection clause does not require the government to treat everyone exactly the same regardless of the circumstances.  Normally, different treatment is permissible so long as there is a rational basis for it.  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 440 (1985); see also May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest.")  In limited situations, heightened scrutiny is required, such as when the government

3

discriminates on the basis of race, <u>Johnson v. California</u>, 543 U.S. 499 (2005), but plaintiff does not suggest that defendant is treating him differently for a reason that would require more than a rational basis to survive constitutional scrutiny.

Under Fed. R. Civ. P. 8, a plaintiff does not need to prove his claim in his complaint but he does need to provide "a short and plain statement of the claim showing that [he] is entitled to relief ."  In the context of an equal protection claim  governed by rational basis review, this means that "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." <u>St. John's United Church of Christ v. City of Chicago</u>, 502 F.3d 616, 639 (7th Cir. 2007) (quoting <u>Wroblewski v. City of Washburn</u>, 965 F.2d 452, 460 (7th Cir.1992)).

Plaintiff does not meet this standard.  He does not identify the prisoners he believes received more favorable treatment or those prisoners' convictions and backgrounds.  In fact, he fails to provide any basis for a belief that defendant targeted him without a rational basis. Because plaintiff has not overcome the presumption of rationality to which defendant is entitled, I must dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1.  Plaintiff Kairdin's Alnoubani's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2.  A strike is recorded, as required by 28 U.S.C. § 1915(g).

3.  The clerk of court is directed to enter judgment in favor of defendant Federal Bureau of Prisons and close this case.

Entered this 3rd day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge