IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAIRDIN ALNOUBANI,

                                ORDER

              Plaintiff,

                          07-cv-662-bbc

    v.

FEDERAL BUREAU OF PRISONS,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Federal Bureau of Prisons has moved for judgment on the pleadings on

plaintiff Kairdin Alnoubani's claim under the Administrative Procedure Act that defendant

acted arbitrarily and capriciously when it refused to give him a sentence reduction under 18

U.S.C. § 3621(e)(2)(B) after he completed drug treatment.  That motion will be denied.

As the caption shows, plaintiff filed this case in 2007.  In his complaint, he alleged

that he qualified for a sentence reduction under § 3621(e)(2)(B), which gives defendant the

authority to reduce a prisoner's sentence by up to one year if "a prisoner convicted of a

nonviolent offense" completes a residential drug abuse treatment program.  Although

plaintiff acknowledged that he had a prior conviction for aggravated assault, he believed that

defendant should not have taken that conviction into account because it is more than 20

1

years old.

In the order screening his complaint under 28 U.S.C. § 1915, I dismissed plaintiff's case for failure to state a claim upon which relief may be granted.  Relying on the exhaustion materials he submitted, I noted that defendant denied plaintiff a reduction in accordance with Program Statement 5331.01, which renders ineligible for early release any prisoner who has a prior conviction for aggravated assault.  Further, under Lopez v. Davis, 531 U.S. 230 (2001), defendant has considerable discretion in deciding which prisoners should receive early release:  any categorical exclusion is permissible under § 3621(e) so long as it is "reasonable in light of the legislature's revealed design."  Id. at 242 (internal citations and quotations omitted).   See also Bischoff v. Genesis House, 2006 U.S. Dist. LEXIS 37595, 7-8 (D. Mich. 2006) (concluding that 5331.01 was valid exercise of discretion under § 3621); McBride v. LaManna, 2006 U.S. Dist. LEXIS 10199 (D.S.C. 2006) (same).

The Court of Appeals for the Seventh Circuit concluded that dismissal was premature. Because plaintiff alleged in his brief on appeal that "the BOP never articulated a reasonable basis for its decision to deny [him] a sentence reduction," the court of appeals held that the district court must accept that allegation as true and allow the claim to proceed.  Alnoubani v. Federal Bureau of Prisons,  306 Fed. Appx. 309, 312, 2009 WL 102126, *2 (7th Cir. 2009).

Defendant raises two arguments in its motion for judgment on the pleadings: (1)

2

plaintiff's claim is rendered moot by the publication of a new rule that "clarified BOP's reason for excluding inmates with prior violent convictions"; and (2) even under the old standard, defendant's decision was not arbitrary or capricious. Neither of these arguments is tenable at this stage of the proceedings.

With respect to defendant's argument regarding the new rule, I cannot conclude that it is dispositive. The question in this case is not whether defendant generally may deny sentence reductions to a particular class of prisoners; it is whether defendant acted arbitrarily and capriciously when it denied a reduction to *plaintiff* in particular. Because plaintiff was not denied a sentence reduction under the new rule, enactment of the rule does not necessarily win the day for defendant.

Distilled, defendant's second argument is a motion for reconsideration of the decision by the court of appeals, which is obviously something beyond my authority to grant. The court of appeals concluded that plaintiff had stated a claim upon which relief may be granted and must be allowed to proceed. Defendant points to no new *facts* in its answer that would alter that conclusion. Instead, it makes a number of *legal* arguments justifying the denial of the sentence reduction. Regardless whether I find defendant's arguments persuasive, to grant its motion would be to disregard the law of the case. Defendant will have to wait to raise these arguments in the context of a motion for summary judgment after the record has been developed.

3

ORDER

IT IS ORDERED that defendant Federal Bureau of Prisons' motion for judgment on

the pleadings, dkt. #18, is DENIED.

Entered this 22nd day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4